Michele **BERRY**, Appellant,

v.

**T.F.L., INC., Defendant,**

**Division of Employment Security, Respondent.**

No. WD 68312.

Missouri Court of Appeals, Western District.

July 1, 2008.

---

Michele Berry, Kansas City, MO, appellant pro se.

Rachel Marie Lewis, Jefferson City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Michele Berry ("Berry") appeals a determination by the Labor and Industrial Relations Commission ("Commission") denying her unemployment benefits because she voluntarily quit work without good cause attributable to her employer. Because Berry's brief fails to comply with numerous provisions of Rule 84.04, we grant the Division of Employment Security's ("Division") motion to dismiss her appeal.

■ *Pro se* appellants are held to the same standards as counsel and are expected and required to comply with the briefing requirements of Rule 84.04. *Blakey v. AAA Prof'l Pest Control, Inc.*, 219 S.W.3d 792, 793 (Mo.App.2007). *See also Bradley v. Capps*, 200 S.W.3d 545, 546 (Mo.App. E.D.2006). A brief may be so deficient as

to justify dismissal on the appeal. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005).

■ The first violation of Rule 84.04 is in Berry's statement of facts. The rule requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions to be determined without argument." Rule 84.04(c). The Rule also requires all statements of fact to have specific page references to the legal file or the transcript. Rule 84.04(i). Berry's statement of facts is almost entirely argument and contains quotations with no attribution. In fact, the statement contains not a single page reference to the legal file or transcript.

■ Although her brief contains the proper standard of review, her points relied on, in violation of Rule 84.04(d), do not incorporate that standard and direct our attention to the reviewable error committed by the Commission. For example, she asserts in Point I only that the decision was based on "fraudulent" evidence from the employer. Point I contains only one citation to any authority, but that case has nothing to do with the proposition for which it was cited. It, thus, also violates Rule 84.04(d)(5). Point II asserts that the Commission erred because it affirmed the Appeals Tribunal's decision, which was based on fraudulent evidence. The only citation to legal authority is the same case cited in Point I, which, again, does not stand for the proposition for which it is cited.

It is not our function to serve as an advocate for a party, represented or not. *Boyd v. Boyd*, 134 S.W.3d 820, 823–24 (Mo.App. W.D.2004). We do note, *ex gratia*, that the gravamen of Berry's complaint seems to be that the Commission did not believe her evidence as opposed to the employer's. The court defers to the

Commission on findings of credibility. *Partee v. Winco Mfg., Inc.,* 141 S.W.3d 34, 37 (Mo.App. E.D.2004). The Commission made a specific finding of credibility in favor of employer.

The appeal is dismissed.

HAROLD L. LOWENSTEIN, Judge, and THOMAS H. NEWTON, Judge, concur.