**Rachel Evette DUNCAN–ANDERSON,
Respondent,**

v.

**Bonnie L. DUNCAN, Appellant.**

**No. ED 93975.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 21, 2010.

Bonnie L. Duncan, Hillsboro, MO, pro se.

Rachel Evette, Duncan–Anderson, Herculaneum, MO, for respondent.

Before GARY M. GAERTNER, JR., P.J., MARY K. HOFF, J., and PATRICIA L. COHEN, J.

PER CURIAM.

### Introduction

Bonnie Duncan (Appellant) appeals the trial court's judgment granting the respondent a full order of protection pursuant to the Adult Abuse Act, Sections 455.010 through 455.085. Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.[1]

■ We hold *pro se* appellants to the same standards as attorneys. *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 581 (Mo.App. E.D.2009). "Accordingly, *pro se* appellants must comply with Supreme Court Rules, including Rule 84.04, which sets forth mandatory rules for appellate briefing." *Id.* "Failure to conform to the mandates of Rule 84.04 results in unpreserved allegations of error and constitutes grounds for dismissal of the appeal." *Id.* This court finds Appellant's brief deficient in numerous respects: The brief does not contain a table of cases, statutes, and other authorities cited; a jurisdictional statement; or a "fair and con-

cise" statement of facts. Rule 84.04(a)–(c). Also, Appellant's brief neither identifies the points relied on nor presents a legal argument in compliance with Rule 84.04(d) and (e).

■ Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "Failure to provide a fair and concise statement of the facts that complies with Rule 84.04(c) is a basis for dismissal of the appeal." *In re Marriage of Smith*, 283 S.W.3d 271, 274 (Mo.App. E.D.2009). Appellant's statement of facts is not concise. In her brief, Appellant designates two separate sections "Facts of Case," and these sections contain extensive discussion of matters not relevant to the issues on appeal. *See, e.g., Smith*, 283 S.W.3d at 273. Also, Appellant's statement of facts is argumentative in that it accuses the respondent of misusing the Adult Abuse Act and raises irrelevant arguments about hate crimes, defamation, and the right to privacy. *See, e.g., Thompson v. Flagstar Bank*, 299 S.W.3d 311, 314 (Mo.App. S.D.2009). Finally, Appellant fails to support each of her factual statements with citations to the legal file or transcript, and she refers to matters not in the record. Rule 84.04(i); *see, e.g., Johnson*, 300 S.W.3d at 581 ("Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.").

■ Next, we find that Appellant's brief violates Rule 84.04(d), which requires that points relied on state briefly and concisely

---

1. On this same date, we also dismiss a companion appeal filed by Bonnie Duncan for failure to comply with Mo. Rule Civ. P. 84.04.

*Daniel Duncan v. Bonnie Duncan*, No. ED93966.

what actions or rulings of the court are challenged and why, in the context of the case, the legal reasons identified support the claim of reversible error. Rule 84.04(d); *Falls Condos. Owners' Assoc., Inc. v. Sandfort,* 263 S.W.3d 675, 678 (Mo. App. S.D.2008). "The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matters which must be contended with and answered and to inform the court of the issues presented for resolution." *Thompson,* 299 S.W.3d at 315 (quotation omitted). Nowhere in her brief does Appellant identify points relied on. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Nelson v. Nelson,* 195 S.W.3d 502, 514 (Mo.App. W.D.2006). Appellant's failure to comply with Rule 84.04(d)'s requirements governing points on appeal warrants dismissal of her appeal. *See, id.*

Finally, the argument section of Appellant's brief fails to comply with Rule 84.04(e), and likewise preserves nothing for review. Rule 84.04(e); *see Smith,* 283 S.W.3d at 275. The argument section does not begin with a restatement, or even an initial statement, of the point or points relied on. Rule 84.04(e). Nor does the argument state the applicable standard of review for any claim of error. Rule 84.04(e); *see, e.g., Smith,* 283 S.W.3d at 275. Finally, the argument is insufficient in that it does not explain why, in the context of the case, the law supports the claim of reversible error. *See, e.g., Washington v. Blackburn,* 286 S.W.3d 818, 821 (Mo.App. E.D.2009).

To determine whether Appellant is entitled to relief would require us to decipher her points, issues, and arguments, placing this court in the untenable position of acting as Appellant's advocate. *Clemens v. Eberenz Const. Co., Inc.,* 258 S.W.3d 458, 460 (Mo.App. E.D.2008). We therefore dismiss.

### Conclusion

Appellant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for review. *See, e.g., Johnson,* 300 S.W.3d at 582. Accordingly, the appeal is dismissed.