Sheri SMITH, Employee/Respondent,

v.

MED PLUS HEALTHCARE, Employer/Appellant

and

Division of Employment Security, Respondent.

No. ED 99410.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 2013.

Sheri Smith, Jackson, MO, Employee/Respondent, Acting pro se.

David M. Stolze, St. Louis, MO, for Employer/Appellant.

Ninion S. Riley, Jefferson City, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Med Plus Healthcare (Employer) appeals from a decision of the Labor and Industrial Relations Commission (Commission) finding Sheri Smith (Employee) was not disqualified from unemployment benefits. Because Employer's brief fails to comply with the appellate briefing requirements of Rule 84.04,[1] we dismiss the appeal.

*Factual and Procedural Background*

Employee worked as a marketing representative for Employer from June 15, 2012 to July 24, 2012. Following her separation from employment, Employee filed a claim for unemployment benefits, and Employer protested the claim. On August 27, 2012, a Deputy for the Missouri Division of Employment Security (Division) determined that Employee was not disqualified from receiving unemployment benefits because Employee was discharged for poor performance.

Employer appealed the Deputy's decision to the Division Appeals Tribunal.

1. All rule references are to Mo. R. Civ. P.2013.

The Appeals Tribunal Referee (Referee) affirmed the Deputy's decision, finding that Employee was not disqualified from unemployment benefits.

Employer appealed the Referee's decision to the Commission. On November 27, 2012, the Commission issued its order affirming the decision of the Referee and adopting the Referee's decision. This appeal follows.

### Point on Appeal

On appeal, Employer argues the substantial weight of the evidence supports a finding that Employee voluntarily quit her position with Employer, which in turn requires a denial of her application for unemployment benefits. Employer argues "[t]he Referee, hearing officer, and Appeals Tribunal erred in evaluating the weight of the evidence to the contrary."

### Discussion

■ Rule 84.04 sets forth the mandatory rules for appellate briefing. *Duncan–Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo.App. E.D.2010). Compliance with the rule is required to give notice to the respondent of the precise matters which must be contended with and answered. *Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 714–15 (Mo. App. E.D.2012). " 'Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.' " *Osthus*, 389 S.W.3d 712, 715, quoting *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005). A party's failure to substantially comply with Rule 84.04 preserves nothing for review and is grounds for dismissing an appeal. *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 867 (Mo.App. W.D.2008).

■ Employer's brief is deficient in numerous respects. First, Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c), See *Duncan–Anderson*, 321 S.W.3d at 499. Employer's statement of facts is incomplete and argumentative. Employer fails to set forth any of the evidence presented at the hearing, even though it is challenging the sufficiency of the evidence, and instead simply argues the substantial weight of the evidence supports a finding contrary to that found by the "Referee, hearing office[r] and Appeals Tribunal."

■ Next, Employer's brief violates Rule 84.04(d) which requires the point relied on to identify the rule or action being challenged; to concisely state the legal reasons supporting the claimed error; and to explain why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d). Employer does not identify precisely what decision is being challenged and why, arguing "[t]he referee, hearing office[r], and appeals tribunal" erred in evaluating the evidence which requires "a denial of [Employee's] application for unemployment benefits." The standard of review, however, provides that this Court reviews the Commission's decision, not that of the Division deputy or appeals tribunal. *Stanton v. Div. of Empl. Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010).

■ Additionally, the argument section does not state the applicable standard of review for the claim of error. Rule 84.04(e). Nor does the argument sufficiently explain why, in the context of the case, the law supports Employer's claim of reversible error or cite a single authority in support. An appellant is required to develop the issue raised in its point relied

on in the argument portion of the brief. *Carlisle v. Rainbow Connection, Inc.,* 300 S.W.3d 583, 585 (Mo.App. E.D.2009). When an appellant fails to support a point with relevant legal authority or argument beyond conclusory statements, the point is deemed abandoned. *Id.* Thus, Employer's point on appeal is properly deemed to be abandoned.

To determine whether Employer is entitled to relief would require this Court to decipher its point and arguments, search for legal authority in support of those arguments, and comb the record for support of its factual assertions. Such actions would undeniably require this Court to act as Employer's advocate. See *Osthus,* 389 S.W.3d at 716–17 and *Duncan–Anderson,* 321 S.W.3d at 500.

Because Employer's brief fails to substantially comply with Rule 84.04, it preserves nothing for our review.

### Conclusion

The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.