

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| J.L., | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | WD77454 |
| | ) | |
| MARC LANCASTER, | ) | Opinion filed:  January 27, 2015 |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### THE HONORABLE MARGARET L. SAUER, JUDGE

Before Division Two:  Joseph M. Ellis, Presiding Judge,
Victor C. Howard, Judge and Mark D. Pfeiffer, Judge

Marc Lancaster appeals the trial court's judgment granting J.L. a full order of protection. Because of Lancaster's failure to substantially comply with the requirements of Rules 84.04 and 81.12, J.L.'s motion to dismiss the appeal is granted.  The appeal is dismissed.

Lancaster appears *pro se*.  *Pro se* appellants are held to the same standards as attorneys. *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo. App. E.D. 2010).  "Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules."  *M.H. v. Garcia*, 385 S.W.3d 489, 490 (Mo. App. W.D. 2012)(internal quotes and citation omitted).  "It is not for lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial

economy, and fairness to all parties." *Duncan v. Duncan*, 320 S.W.3d 725, 726 (Mo. App. E.D. 2010)(internal quotes and citation omitted). Accordingly, *pro se* appellants must comply with Supreme Court rules, including Rule 84.04 governing appellate briefing and Rule 81.12 concerning the record on appeal. *State v. Ricker*, 400 S.W.3d 11, 14 (Mo. App. W.D. 2013); *Duncan*, 321 S.W.3d at 499.

Compliance with the Rule 84.04 briefing requirements is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made. *Garcia*, 385 S.W.3d at 490. Violations of Rule 84.04 are grounds for dismissal of an appeal. *Id.*

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.

*Id.* (internal quotes and citation omitted).

Lancaster's brief is deficient in many respects. First, Rule 84.04(c) provides that the statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Lancaster's statement of facts is one-sided, incomplete, and argumentative.

Second, Lancaster's brief violates Rule 84.04(d) concerning points relied on. The rule provides that each point identify the trial court ruling or action being challenged, state concisely the legal reasons for the claim of reversible error, and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d). The rule also sets out the form the points shall substantially follow. *Id.* "The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to inform the court of the issues

2

presented for resolution." *Duncan*, 321 S.W.3d at 500. Lancaster's brief does not include any points relied on.

Finally, Lancaster's argument section fails to comply with Rule 84.04(e). It does not begin with an initial statement or restatement of the point relied on. Rule 84.04(e). It also fails to state the applicable standard of review. *Id.*

In his argument, Lancaster argues that J.L. "failed to provide any proof of abuse, assault, battery, coercion, or harassment and the history between [the parties] reflects the lack of proof." Even if we discern that such argument is a claim of lack of substantial evidence to support the judgment, the record on appeal does not contain the transcript of the hearing on the petition for order of protection. Without a transcript, it is impossible to review such a claim.

Rule 81.12(a) provides, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." It is the appellant's duty to order the transcript and compile the record on appeal. Rule 81.12(c). Furthermore, "[a]ppellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." Rule 81.12(e). "Where the record does not include all of the documents necessary for this court to determine the issue presented, our review is impossible and the claim of error must be dismissed." *Jenkins v. Jenkins*, 368 S.W.3d 363, 370 (Mo. App. W.D. 2012)(internal quotes and citation omitted).

The deficiencies in the brief and record on appeal prevent meaningful appellate review. The appeal is dismissed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

3