VICTOR C. HOWARD, JUDGE
*878 William White appeals the trial court's judgment in favor of MoBay Properties, LLC, quieting title to real estate in Johnson County. Because of significant deficiencies in Mr. White's appellate brief, the appeal is dismissed.
Mr. White appeals pro se. This court struck his initial brief for multiple specific violations of Rule 84.04. Ms. White filed an amended brief, and MoBay Properties subsequently filed a motion to strike the amended brief for noncompliance with Rule 84.04. The motion was taken with the case.
Pro se appellants are held to the same standards as lawyers. J.L. v. Lancaster , 453 S.W.3d 348, 350 (Mo. App. W.D. 2015). Although this court is mindful of the difficulties that a party appearing pro se encounters in complying with rules of procedure, pro se appellants must be required to comply with these rules. Id. "It is not for lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." Id. (internal quotes and citation omitted). Thus, pro se appellants must comply with Supreme Court Rule 84.04, which sets forth various requirements for appellate briefs. Id.
Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made. Id. Violations of the rule are grounds for dismissal of an appeal. Id.
Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.
Id. (internal quotes and citation omitted).
Mr. White's brief is deficient in many respects. First, the jurisdictional statement does not comply with Rule 84.04(b). That rule provides, in pertinent part, "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." Mr. White's six-page jurisdictional statement first appears to dispute the jurisdiction of the Johnson County Circuit Court over Indian Tribal people or to try issues regarding private property of Tribal People but then acknowledges this court's jurisdiction and asks it to reverse the circuit court's judgment, making various arguments for why the judgment is erroneous. The jurisdictional statement does not, however, set forth sufficient facts to demonstrate the applicability of a particular provision of article V, section 3, whereon the jurisdiction of this court is predicted. The jurisdictional statement is, therefore, inadequate under Rule 84.04(b).
Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the question presented for determination without argument. All statements of fact shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "The primary purpose of the *879 statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." Lattimer v. Clark , 412 S.W.3d 420, 422 (Mo. App. W.D. 2013) (internal quotes and citation omitted). Mr. White's statement of facts is one-sided, incomplete, and argumentative. It does not contain specific page references to the relevant portion of the record on appeal. Such deficiencies fail to preserve his claims for appellate review. Id.
Next, Mr. White's brief violates Rule 84.04(d) concerning points relied on. The rule provides that each point identify the trial court ruling or action being challenged, state concisely the legal reasons for the claim of reversible error, and explain in summary fashion why, in the context of the case, the legal reasons support the claim of reversible error. Rule 84.04(d). The rule further sets out the form the points shall substantially follow. Id. "The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to inform the court of the issues presented for resolution." Lancaster , 453 S.W.3d at 350.
Mr. White's point relied on is two single-spaced pages and approximately 970 words long. It does not follow the template provided in Rule 84-04(d). More importantly, it does not properly identify the trial court ruling being challenged, fails to state concisely the legal reasons of a claim of reversible error, and fails to explain in summary fashion why those legal reasons support a claim of reversible error. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justifications and circumstances." Fesenmeyer v. Land Bank of Kansas City , 453 S.W.3d 271, 274 (Mo. App. W.D. 2014) (internal quotes and citation omitted). Such speculation would place the appellate court in the role of an advocate, which is inappropriate role for the court. Id. Moreover, Mr. White's point relied on asserts that the trial court erred in supporting the defendant for multiple unrelated reasons. When an appellant makes the entire judgment one error and then lists multiple, disparate grounds for the error, the point contains multiple legal issues in violation of Rule 84.04(d). Smith v. Smith , 455 S.W.3d 26, 27 (Mo. App. E.D. 2014). "Multifarious points preserve nothing for review." Id. (internal quotes and citation omitted). See also Thummel v. King , 570 S.W.2d 679, 688 (Mo. banc 1978) (a point relied on violates Rule 84.04(d) when it groups together multiple contentions not related to a single issue).
Finally, the argument section is defective for several reasons. The point relied on is not restated at the beginning of the argument discussing the point, and the argument fails to include the applicable standard of review. Rule 84.04(e). More significantly, Mr. White's argument contains many unsupported conclusions without explanation as to how the principles of law cited interact with the facts of the case. An argument "should demonstrate how principles of law and the facts of the case interact." Fesenmeyer , 453 S.W.3d at 274 (internal quotes and citation omitted). "A contention that is not supported with argument beyond conclusions is considered abandoned." Lattimer , 412 S.W.3d at 423.
Mr. White's brief is unintelligible, incoherent, and difficult to understand. It is even unclear regarding the nature of and parties to the underlying action from which this appeal arises. To address the merits of the appeal, this court would have to act as Mr. White's advocate by searching the record for relevant facts of the case, deciphering his point on appeal, crafting a legal argument, and locating *880 authority to support it. This we cannot do. Id. While an appellate court prefers to decide cases on the merits, the deficiencies of Mr. White's brief prevent meaningful appellate review. The appeal, therefore, must be dismissed.
The appeal is dismissed.[1]
All concur.

MoBay Properties's motion to strike appellant's amended brief is rendered moot by the dismissal of the appeal.