

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

LARRY T. ACTON,       )
           )
      Appellant,       )
           )
v.            )       WD83514
           )
KAYE LYNN RAHN,       )       Opinion filed:  October 20, 2020
           )
      Respondent.       )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### THE HONORABLE BRYAN ROUND, JUDGE

Division One:  Thomas N. Chapman, Presiding Judge,
Mark D. Pfeiffer, Judge and W. Douglas Thomson, Judge

Larry T. Acton ("Acton") appeals from the Jackson County Circuit Court's denial of his motion to modify the child custody provisions of an amended judgment. In doing so, Acton attempts to assert four points of error relating to the trial court's denial.  However, significant deficiencies in Acton's appellate brief preclude our review of the merits.  We dismiss for non-compliance with Rule 84.04.[1]

## Factual and Procedural History

In 2015, the Jackson County Circuit Court entered judgment dissolving the marriage of Acton and Respondent Kaye Lynn Rahn ("Rahn") and addressing custody

---

[1] All references to Rules are to Missouri Rules of Civil Procedure (2020), unless otherwise indicated.

and child support.  On November 27, 2017, the court modified its previous order of visitation rights, and granted Rahn sole legal and sole physical custody of the children, with Acton being awarded supervised visitation.  On August 24, 2018, Acton filed a motion to modify the court's previous order, seeking joint legal and joint physical custody.  After a bench trial, on December 19, 2019, the court denied Acton's motion.  Acton appeals.

Acting *pro se*, Acton filed his appellate brief on June 8, 2020.  That same day, this Court entered an Order striking his brief for non-compliance with Rule 84.04.  The Order specifically listed the deficiencies of Acton's brief and provided him an opportunity to amend it accordingly.  Acton timely filed his amended brief, but did not cure the violations noted in the Court's Order.  Rahn subsequently filed a motion to strike the amended brief for noncompliance with Rule 84.04, and to dismiss the appeal.  Rahn did not file a Respondent's Brief and rests solely on her motion.  The motion was taken with the case.

## Analysis

*Pro se* appellants are held to the same standards as lawyers and are expected and required to comply with the briefing requirements of Rule 84.04.  *J.L. v. Lancaster*, 453 S.W.3d 348, 350 (Mo. App. W.D. 2015); *Berry v. T.F.L., Inc.*, 257 S.W.3d 648, 649 (Mo. App. W.D. 2008).  Although this Court is mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, *pro se* appellants must be required to comply with these rules.  *Lancaster*, 453 S.W.3d at 350.  "It is not for lack of sympathy, but rather is necessitated by the

2

requirement of judicial impartiality, judicial economy, and fairness to all parties." *Id.* (internal quotes and citation omitted).

Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made. *Id.* "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review' and is 'grounds for dismissing the appeal.'" *Nicol v. Nicol*, 491 S.W.3d 266, 268 (Mo. App. W.D. 2016) (quoting *Summers v. Mo. Dep't of Corr.*, 459 S.W.3d 922, 923 (Mo. App. W.D. 2015)).

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.

> *Lancaster*, 453 S.W.3d at 350 (quoting *M.H. v. Garcia*, 385 S.W.3d 489, 490 (Mo. App. W.D. 2012)) (internal quotes and citation omitted).

Here, for the reasons discussed below, we find the deficiencies in Appellant's brief are such that we simply cannot dispose of the case on the merits.

*Appellant's Statement of Facts*

Rule 84.04(c) requires that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions to be determined without argument." The Rule also requires all statement of facts to have specific page references to the relevant portion of the record on appeal, such as the legal file or the transcript. *Id.* "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Lattimer v. Clark*, 412

S.W.3d 420, 422 (Mo. App. W.D. 2013) (quoting *Tavacoli v. Div. of Empl. Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008)). An appellant's failure to provide a fair and concise statement of facts is sufficient basis to dismiss an appeal. *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo. App. W.D. 2003).

Acton's statement of facts does not comply with Rule 84.04. His brief is one-sided, incomplete, and argumentative. In addition, it does not contain specific references to the relevant portions of the record on appeal.[2] We cannot review the facts of the case from the statement of facts as stated by Acton. As such, these deficiencies fail to preserve his claims for appellate review. *Lattimer,* 412 S.W.3d at 422.

*Appellant's Points Relied On*

Rule 84.04(d)(1) requires each point relied on to: "(A) identify the trial court ruling or action that the appellant challenges"; "(B) state concisely the legal reasons for the appellant's claim of reversible error"; and "(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The Rule sets out the form a point relied on is to follow. *Id.* "The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to inform the court of the issues presented for resolution." *Lancaster*, 453 S.W.3d at 350 (quoting *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo. App. E.D. 2010)).

---

[2] As discussed more fully below, Acton has failed to provide this Court with a transcript of the trial. Thus, in attempting to discern his statement of facts – or any other component of his appellate brief – we only have the legal file to which to turn.

4

Acton's points relied on are as follows[3]:

II.     The Trial Court failed to recognize the Plaintiff did everything set in the judgment from November 2017.

III.    Amy Van Camp lied under oath, falsified evidence, and suppressed exculpatory evidence.

IV.    Plaintiff had to borrow money for the last two years to see the children and has financial problems [sic] cannot pay for supervised visitation.

V.    The court failed to recognize the best interest of the children is to be with both parents.

Acton's points relied on fail to fulfill their intended purpose. We would have to essentially guess what the point is and then sift through the legal file in an attempt to find support for the perceived point. *See, Kim v. Kim*, 431 S.W.3d 524, 526 (Mo. App. W.D. 2014). None of his points follow the template provided in Rule 84.04(d).[4] In each point, Acton merely recites factual conclusions with no legal support.

Of equal significance, the points relied on fail to properly identify the trial court ruling being challenged, fail to concisely state the legal reasons for a claim of reversible error, and fail to adequately explain why those legal reasons support the claim of reversible error. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justifications and circumstances." *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014). Such speculation would place the appellate

---

[3] Acton's four points relied on were numbered two thru five. We have adopted his numbering herein. In addition, each of the four points relied on contain numerous subparts identifying specific facts. For brevity and because our point is made without them, the subparts have been omitted.

[4] Rule 84.04(d) sets out a template for drafting the required elements of the point relied on so that "appellants simply have no excuse for failing to submit adequate points relied on." *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).

court in the role of an advocate, which is an inappropriate role for the court. *Id.* "A point relied on that does not comply with the mandatory requirements of Rule 84.04(d) preserves nothing for our review and is grounds to dismiss." *Nicol v. Nicol*, 491 S.W.3d at 270 (quoting *Summers v. Mo. Dep't of Corr.*, 459 S.W.3d at 923).

*Appellant's Argument*

An argument "should demonstrate how principles of law and the facts of the case interact." *Fesenmeyer*, 453 S.W.3d at 274. More specifically, Rule 84.04(e) requires that the argument substantially follow the order of the appellant's points relied on, with each point relied on to be restated at the beginning of the argument discussing that point. Acton has merely recited facts which he believes would have allowed him to prevail. This reiteration, in and of itself, does not provide this court a legal reason upon which we could adduce error by the trial court. "Mere conclusions and the failure to develop an argument with support from legal authority preserves nothing for review." *Frazier v. City of Kansas City*, 467 S.W.3d 327, 346 (Mo. App. W.D. 2015) (quoting *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 586 (Mo. App. E.D. 2009)).

Additionally, "for each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Rule 84.04(e). "The standard of review is an essential portion of all appellate arguments; it outlines the court's role in disposing of the matter before us." *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008). Acton's amended brief makes no mention of whether any

trial court error was preserved for appeal, and if so, how it was preserved. Neither has Acton stated any applicable standard of review.[5] The absence of any applicable standard of review, as well as the failure of Acton to provide this Court with a transcript of the trial, leaves us with no way of knowing whether, or if, any potential error was preserved for our review and what standard of review is applicable. It is not the duty of the court to supplement the deficient brief with our own research as to the proper standard of review. *Id*.

Additionally, "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal." Rule 84.04(e). The amended brief contains no references to the relevant portion of the record on appeal.

Finally, the amended brief lacks a "short conclusion stating the precise relief sought," as required by Rule 84.04(a)(6). Acton concludes his amended brief by repeating factual assertions and unsupported legal conclusions, but fails to state the relief being sought. Thus, the conclusion fails to comply with Rule 84.04(a)(6).

*Order Striking Brief*

Dismissal is particularly appropriate where appellant makes no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate. *Nicol v. Nicol*, 491 S.W.3d at 270.

In this Court's June 8, 2020, Order striking Acton's initial brief, we noted the following deficiencies:

---

[5] Although he mentions the abuse of discretion standard near the end of his amended brief, he does not explain why this standard has bearing on his case. Acton fails to set forth the applicable standard of review for a bench-tried case. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

7

(1)     The brief lacks a jurisdictional statement, as required by Rule 84.04(b);

(2)     The Statement of Facts lacks specific page references to the legal file or transcript, as required by Rule 84.04(c);

(3)     The brief lacks Points Relied On in compliance with the specific requirements of Rule 84.04(d) and which include a list of cases or other authority upon which that party principally relies in compliance with the requirements of Rule 84.04(d)(5);

(4)     The point relied on is not restated at the beginning of the section of the argument discussing that point, the argument does not include a concise statement of the applicable standard of review for each claim of error, the argument does not include a concise statement describing whether the error was preserved for appellate review and if so, how it was preserved, and the argument section lacks specific page references to the legal file or transcript, all in violation of Rule 84.04(e);

(5)     The brief lacks a short conclusion stating the precise relief sought, as required by Rule 84.04(a)(6); and

(6)     The brief lacks an appendix, as required by Rule 84.04(h).

Acton did attempt to provide a jurisdictional statement[6], but in all other respects the amended brief presents no significant changes to cure these Rule 84.04 deficiencies.

As noted, there are a multitude of reasons why we are unable to reach the merits in this case. To do so, this Court would have to act as Acton's advocate by searching the record for relevant facts of the case, deciphering his points on appeal, crafting a legal argument, and locating authority support it. This we cannot do. *Lattimer v. Clark*, 412 S.W.3d at 423. While we prefer to decide cases on the merits, the deficiencies of Acton's amended brief prevent meaningful appellate review. The appeal, therefore, must be dismissed.

Finally, Acton's claims of error, such as they are, require this Court to review the evidentiary bases for the trial court's judgment. Even if we could discern what

---

[6] The correctness of the jurisdictional statement is also questioned, but its deficiencies are overshadowed by the remainder of the brief's deficiencies.

8

his claims of trial court error were, we could not determine whether his claim has merit because Acton did not provide a transcript of the trial, as required by Rule 81.12(c). At oral argument, Acton acknowledged that he had not provided a transcript. "An appellant is responsible for filing transcripts of the evidence and for preparing a legal file so that the record on appeal contains all of the evidence necessary for determination of questions presented to the appellate court for determination." *Home of Hope v. McDonald (In re McDonald Revocable Trust)*, 942 S.W.2d 926, 932 (Mo. App. S.D. 1997). "Where no transcript is filed or exhibits are not made part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appellant." *Id.* (citing *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo. App. E.D. 1983)). "In the absence of a complete record, we have no basis for any decision." *Brancato v. Wholesale Tool Co.*, 950 S.W.2d 551, 555 (Mo. App. E.D. 1997). Acton's failure to provide the trial court transcript precludes any meaningful review of the issues on appeal. It also leads us to presume the transcript would be favorable to the trial court's judgment and unfavorable to Acton's appeal.

## Conclusion

Having reviewed the brief and heard oral argument, Respondent's motion to strike Acton's appellate brief is denied as moot. Respondent's motion to dismiss the appeal is granted.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.