

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| KEN AUMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD85461 |
| | ) | |
| JANIECE RICHARD, | ) | Opinion filed:  July 25, 2023 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JOHN TORRENCE, JUDGE**

Division Three:  Karen King Mitchell, Presiding Judge, Alok Ahuja, Judge
and Edward R. Ardini, Jr., Judge

Ken Auman ("Auman") appeals *pro se* from the judgment of the Circuit Court of Jackson County granting summary judgment in favor of Janiece Richard ("Richard") on her claim for Unlawful Detainer. Auman's initial brief was stricken for failure to comply with Rule 84.04.[1] Auman's amended brief similarly fails to comply with the rules of appellate procedure so substantially that his claims are not preserved for our review. Accordingly, we dismiss this appeal.

**Factual and Procedural Background**

On February 9, 2021, Richard filed a petition against Auman for Unlawful Detainer relating to property located in Kansas City, Missouri. Auman resided at the property pursuant to a month-

---

[1]  All Rule references are to the Missouri Supreme Court Rules (2022) unless otherwise noted.

to-month lease, which expired on December 31, 2020. Auman's unlawful detention and subsequent refusal to vacate the premises began on January 1, 2021.

On June 21, 2021, Richard filed a Motion for Summary Judgment on her unlawful detainer claim. In response, Auman filed a Motion for Clarification or for Extension of Time to Respond to Summary Judgment.[2]

On December 7, 2021, the trial court granted Auman's motion for an extension of time establishing that his opposition to the motion for summary judgment was to be filed by December 17, 2021. Although Auman filed an objection to the deadline imposed by the trial court, at no point did he file an opposition to the motion for summary judgment. As a result, the trial court granted Richard's motion for summary judgment on May 19, 2022.

On May 31, 2022, Auman filed a Motion to Set Aside Summary Judgment which was denied on July 10, 2022 along with multiple other motions[3] filed by Auman. This appeal follows.

**Discussion**

Due to serious deficiencies in Auman's briefing to this Court, we are unable to reach the merits of this appeal.

Rule 84.04 sets forth a number of mandatory requirements for briefs filed in appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Although it is our preference to decide appeals on the merits of the case, and appellate courts have discretion to excuse technical deficiencies in a brief, this discretion is not to be exercised when a brief is "so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Id.* (citing

---

[2] Auman also filed a motion to strike Richard's motion for summary judgment which was denied by the trial court.

[3] Additional motions filed by Auman included a Motion for Relief from Judgment, and requests for temporary restraining orders.

*J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). Missouri courts have explained the importance of adherence to briefing requirements:

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Id*. (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

An appellant's points relied on are an important component of any appellate brief. The points relied on are designed "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id*. (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). Rule 84.04(d)(1) provides the form to which points relied on must adhere:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

"A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id*. (citing *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). "A point relied on which does not state 'wherein and why' the trial court or administrative agency erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Id*. (brackets omitted) (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)).

Although appellate courts have discretion to review non-compliant points *ex gratia* where the argument is readily understandable, this discretion must be exercised cautiously "because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not." *Scott*, 510 S.W.3d at 892. Moreover, in deciding whether such discretion can or should be exercised, an appellate court must consider whether the appellant's argument is readily understandable. *See id*.

In addition, an argument that follows a point relied on must provide sufficient analytical support for the claim of reversible error. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). Rule 84.04(e) provides a number of further requirements regarding the argument section that follows each point relied on in a brief. Rule 84.04(e) provides: "For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." With respect to factual assertions in an argument section, Rule 84.04(e) provides: "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." As indicated previously, "Rule 84.04's requirements are mandatory." *Lexow*, 643 S.W.3d at 505. When briefing deficiencies fail to give notice to the appellate court and the other parties as to the issue or issues presented on appeal, review is inappropriate. *Wilkerson*, 943 S.W.2d at 647.

Although Auman appears *pro se*, he is held to the same standard as attorneys including adherence to Rule 84.04's mandatory appellate briefing requirements. *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019). "Judicial impartiality, judicial economy, and fairness to

4

all parties necessitates that we do not grant *pro se* litigants preferential treatment with regard to their compliance with those procedural rules." *Deere v. Deere*, 627 S.W.3d 604, 607 (Mo. App. W.D. 2021) (citations omitted).

We struck Auman's initial brief for multiple violations of Rule 84.04. Auman's Second Amended Brief[4] was filed on April 7, 2023. However, the Second Amended Brief also violates Rule 84.04 in multiple respects, such that we cannot address the merits of this appeal without speculating about the nature of his claims and assuming the role of his advocate, which we are not permitted to do. Accordingly, we must dismiss the appeal.

### Statement of Facts – Rule 84.04(c)

An appellant's brief must contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018) (internal quotation marks omitted). Moreover, Rule 84.04(c) requires that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal." "For every individual statement of fact, a specific page reference is required." *Lexow*, 643 S.W.3d at 508.

Auman's eleven-page statement of facts is predominately argumentative in tone, accusatory toward both the trial court and Richard, and fails to provide this Court with "an immediate, accurate, complete and unbiased understanding of the facts of the case." *See Aydin v. Boles*, 658 S.W.3d 223, 226 (Mo. App. W.D. 2022) (citation omitted). Moreover, Auman does not support any of his factual assertions with reference to the record on appeal. These deficiencies do

---

[4] Auman timely filed a First Amended Brief together with a motion requesting additional time to file a second amended brief. That motion was granted and Auman timely filed a Second Amended Brief which is the brief presently before this Court.

not preserve Auman's claims for appellate review. *See Hoover*, 581 S.W.3d at 640 (concluding that an appellant's statement of facts that was not fair and concise, and only had sporadic references to the legal file and transcript, failed to preserve appellant's claims for appellate review). "A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." *Gan v. Schrock*, 652 S.W.3d 703, 708 (Mo. App. W.D. 2022) (quoting *Washington v. Blackburn*, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009)).

**Points Relied On – Rule 84.04(d)**

Each of Auman's points relied on fail to comply with Rule 84.04(d). A point relied on "shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Hiner v. Hiner*, 573 S.W.3d 732, 735 (Mo. App. W.D. 2019) (quoting Rule 84.04(d)(1)). "A point relied on which does not state 'wherein and why' the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Lexow*, 643 S.W.3d at 505 (citation omitted). Moreover, Rule 84.04(d)(5) requires that each point be immediately followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." If no authority exists on the issue, an explanation for the absence of authority is required. *Rios v. State*, 368 S.W.3d 301, 312 (Mo. App. W.D. 2012). Without relevant authority or any explanation in its absence, the point is considered abandoned. *Id.*

Auman's Second Amended Brief purports to set forth four points relied on and then, several pages later, purports to set forth five different (or perhaps additional) points relied on. To varying degrees, the points fail to follow the form required by Rule 84.04(d). Perhaps the most egregious

example is Point IV found on page 14 of the Second Amended Brief which simply states – "APPELLANT OPPOSED IT IN 2 MOTIONS AFTER SUMMARY JUDGMENT WAS GRANTED." Aside from a lack of conformity with the dictates of Rule 84.04(d), the untethered use of the word "IT," absent any context to what it is meant to reference, renders the point indecipherable. Additionally, most of the points relied on are not followed by a list of authorities upon which Auman principally relies. Given these substantial deficiencies, any effort to address the merits of the appeal would require this Court to speculate as to the claims of error being asserted and then undertake the responsibility of independently locating supporting legal authority. We cannot accept such an advocacy role on behalf on an appellant. *See Aydin*, 658 S.W.3d at 227; *see also MoBay Props., LLC v. White*, 540 S.W.3d 876, 879-80 (Mo. App. W.D. 2018) ("To address the merits of the appeal, this court would have to act as [appellant's] advocate by searching the record for relevant facts of the case, deciphering his point on appeal, crafting a legal argument, and locating authority to support it."). Auman's failure to comply with Rule 84.04(d)(1) preserves nothing for our review.

**Argument – Rule 84.04(e)**

Finally, Auman's Second Amended Brief fails to set forth an argument section in compliance with Rule 84.04(e). "An argument that follows a point relied on must provide sufficient analytical support for the claim of reversible error." *Crowley v. Clarcor/Gen. Elec. & Treasurer*, 655 S.W.3d 778, 786 (Mo. App. W.D. 2022).

"An argument that fails to comply with Rule 84.04(e) preserves nothing for appeal." *Washington*, 286 S.W.3d at 822. Occasionally, we will "review non-compliant briefs of *pro se* appellants *ex gratia*." *Aydin*, 658 S.W.3d at 227. "[W]e do so only 'where the argument is readily understandable.'" *Id.* (quoting *Nichols v. Div. of Emp. Sec.*, 399 S.W.3d 901, 904 (Mo. App. W.D.

2013). Unfortunately, that is not the case here. While we acknowledge that the piecemeal, fragmented construction of Auman's brief renders it difficult to identify with any certainty where the various sections begin and end, it appears that Auman's argument section consists of a single sentence: "Appellant incorporates by reference all 'points' above and all paragraphs above as if fully entered here-in." This is wholly deficient under an even most forgiving reading of the requirements of Rule 84.04(e) and would (again) require us to hypothesize and speculate as to legal arguments Auman intended but failed to set forth. That is not a role we can undertake. *Murphy v. Steiner*, 658 S.W.3d 588 593 (Mo. App. W.D. 2022) (appellant failing to develop claims of error by showing any interaction between the law and facts, and the point was deemed abandoned).

## Conclusion

Auman was provided multiple opportunities to file a brief compliant with Rule 84.04. As outlined above, his Second Amended Brief fell substantially short of meeting those requirements. In order for this Court to address the merits of the appeal, we would be required "to comb the record for support of [his] factual assertions, decipher [his] point[s] on appeal, and locate legal authority for [his] argument[s]." *Aydin*, 658 S.W.3d at 227. In other words, this Court would need to assume the role of advocate for Auman, which we cannot do. As a result, Auman has preserved nothing for our review. Appeal is dismissed.

_____

EDWARD R. ARDINI, JR.

All concur.

8