Lorrie **LANHAM**, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY**, Respondent.

**No. WD 72394.**

Missouri Court of Appeals, Western District.

April 26, 2011.

Lorrie Sue Lanham, Appellant pro se.

Larry R. Ruhmann, Jefferson City, MO, for respondent.

Before Division One: GARY D. WITT, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

GARY D. WITT, Judge.

Lorrie Lanham appeals the decision of the Labor and Industrial Relations Commission denying her unemployment benefits. For the reasons set forth herein we dismiss.

### Factual Background

Lorrie Lanham ("Lanham") was employed by Heartland Regional Medical Center ("Employer") as a van driver from December 9, 1998 to September 28, 2009. She was discharged for failing to submit to a drug test and admitting that the drug test, if taken, would be positive for the use of drugs. Employer contested her application for unemployment benefits. A deputy for the Division of Employment Security disqualified Lanham from receiving unemployment benefits because she was discharged for misconduct connected with work. Lanham appealed the decision to the Appeals Tribunal, and the Tribunal issued a decision modifying the deputy's determination, finding that Lanham had voluntarily quit work without good cause attributable to the work or the employer. Lanham finally appealed to the Labor and Industrial Relations Commission ("Commission"), which modified the decision of the Tribunal and again found Lanham was discharged for misconduct connected with her work. Lanham now appeals to this Court. The following facts were found by the Commission.

On September 28, 2009, David Mueller ("Mueller"), Employer's Human Resources Manager, was informed by a "member of the community" that Lanham had been using methamphetamines. The informant was never identified because Mueller feared retaliation against that person including that person's safety. This information corroborated the prior suspicions of Tom Little ("Little"), Lanham's team leader, that Lanham had been using illicit drugs. Based on this information, Mueller concluded Employer had reasonable suspicion that Lanham was under the influence of an illicit substance and, therefore, he requested Lanham provide a urine sample for a drug test. Pursuant to Employer's drug policy, when the Employer has a reasonable suspicion that an employee is exhibiting behavior indicative of drug use, then that employee may be required to submit to a drug test.

Lanham initially agreed to provide a urine sample after she was informed her employment could be terminated for her refusal to submit. Mueller took Lanham to the health department where they were joined by Steve Groshong ("Groshong"), Employer's Operations Manager. Lanham provided a small urine sample but it was insufficient in volume to be tested. Mueller and Groshong gave Lanham water and waited three hours for Lanham to provide an adequate urine sample.

Employer's witnesses testified that Lanham admitted to them, after the three hours had passed and she realized she would be forced to provide a urine sample, that it would come back "dirty" and that she had a drug problem. Lanham testified that she never told the witnesses she used

drugs or had a problem and that she was actually discharged for failing to produce a second urine sample.

The Commission found that Employer's witnesses were credible and that Lanham had left and refused to provide a sufficient urine sample when she discovered that they would wait as long as necessary to obtain a urine sample and that if that sample was positive she would be discharged. Accordingly, the Commission found that Lanham was discharged for misconduct connected with her work. Lanham now appeals.

## Standard of Review

■■■ Section 288.210 [1] sets this Court's standard of review for appeals from final awards of the Commission. That section provides that:

> The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 288.210; *Weirich v. Div. of Emp't Sec.*, 301 S.W.3d 571, 574 (Mo.App. W.D. 2009). "In the absence of fraud, the Commission's factual findings are conclusive and binding on this Court if supported by competent and substantial evidence." *Ragan v. Fulton State Hosp. & Div. of Emp't Sec.*, 188 S.W.3d 473, 474 (Mo.App. E.D. 2006) (citing Section 288.210). "Our func-

tion is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result." *Id.* (quoting *Shields v. Proctor & Gamble Paper Prods. Co.*, 164 S.W.3d 540, 543 (Mo.App. E.D.2005)). Whether the employee's conduct qualifies as misconduct connected with work is a determination of law, which this court reviews independently. *White v. St. Louis Teacher's Union*, 217 S.W.3d 382, 388 (Mo. App. W.D.2007); *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 198 (Mo.App. W.D.2007). "On matters of witness credibility and resolution of conflicting evidence, the appellate court defers to the Commission's determinations." *Ayers*, 211 S.W.3d at 198 (citing *Willcut v. Div. of Emp't Sec.*, 193 S.W.3d 410, 412 (Mo.App. E.D.2006)).

## Analysis

We cannot begin to consider the possible merits of Lanham's points on appeal due to gross inadequacies in her appellate brief.

■■■ Lanham's appellate brief fails to meet even the most basic requirements of Rule 84.04. "Rule 84.04 lists the requirements which an appellant's brief must meet. These requirements are mandatory." *Yates v. Briggs & Stratton*, 302 S.W.3d 776, 777 (Mo.App. S.D.2010) (citing *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. E.D.2000)). For example, as required by Rule 84.04, Lanham has not provided a table of cases, statutes, or authorities cited. Moreover, her brief does not contain a statement of the facts that makes reference to the legal file or transcript as required by Rule 84.04(c). This fact alone is sufficient cause to dismiss the

---

1. All statutory citations are to RSMo 2000 as updated through the 2010 Cumulative Supplement, unless otherwise indicated.

appeal. *See id.* After reading further, however, it is apparent that her failure to list authorities cited is due to the fact she has failed to cite any legal authority whatsoever in her "argument."

Although Lanham has the right to proceed pro se, pro se parties are held to the same standards as parties represented by counsel. *Id.* at 776 (citing *Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140, 141 (Mo. App. S.D.1999); *Rainey v. Express Med. Transporters, Inc.*, 254 S.W.3d 905, 908 (Mo.App. E.D.2008)).

> Whether to dismiss an appeal for briefing deficiencies is discretionary. *Bamber v. Dale Hunt Trucking*, 107 S.W.3d 489, 490 (Mo.App.2003). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits." *Id.* (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo.banc 1997)). It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief. *Krause v. Assurant, Inc.*, 158 S.W.3d 329, 333 (Mo. App.2005).

*Bishop v. Metro Restoration Services, Inc.*, 209 S.W.3d 43, 48 (Mo.App. S.D. 2006). But where the deficiencies in briefing are so substantial that the court is forced to speculate on claims raised and facts and arguments to support those claims, then no meaningful review can be conducted. *Id.* This would impermissibly place upon this court the role of advocate for a party. *Id.* at 47 (citing *Huffman v. SBC Services, Inc.*, 136 S.W.3d 592, 594 (Mo.App. S.D.2004)). Such is the case before us.

■ Aside from the deficiencies in briefing, we will finally note, *ex gratia*, that even were we to disregard all the briefing deficiencies, Lanham's single "argument" only contests a finding that she voluntarily quit her employment. However, this is an appeal from the findings of the *Commission*, and the sole basis upon which the Commission denied Lanham unemployment benefits was that she had committed *misconduct in connection with her work*. In addition, Lanham in her second point on appeal says she will argue that the Commission erred because its decision is unsupported by evidence to support a finding that Lanham violated a reasonable work rule, she provides *no argument* in support of her point. Lanham has not contested the finding of the Commission that she committed misconduct in connection with her work. An issue not raised in the points relied on or argued in the argument section of the brief is deemed abandoned on appeal. *See Kennett Board of Public Works v. Shipman*, 15 S.W.3d 792, 796 (Mo.App. S.D.2000); *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App. E.D. 1997). Accordingly, Lanham has not raised any issues on appeal which we can review.

### Conclusion

For the reasons stated herein, there is nothing for this Court to review and Lanham's appeal is dismissed.

All concur.