v.

**John D. GARCIA, Appellant.**

**No. WD 74440.**

Missouri Court of Appeals,
Western District.

July 31, 2012.

Caren Collins, Kansas City, MO, Attorney for Respondent.

John D. Garcia, Kansas City, MO, Appellant, pro se.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

John Garcia appeals the entry of a full order of protection against him and in favor of his former live-in girlfriend, M.H.[1] But because his brief fails to substantially comply with the requirements of Rule 84.04, we dismiss his appeal.

## Analysis

Garcia appears before us *pro se*. "Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo.App. W.D.2007). *Pro se* appellants are not to be granted preferential treatment. *Id.*

" 'Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.' " *Biersmith v. Curry Ass'n Mgmt., Inc.*, 359 S.W.3d 84, 87 (Mo.App. W.D.2011) (quoting *Patrick v. Monte Owens Agency, Inc.*, 332 S.W.3d 917, 920 (Mo.App. W.D.2011)). "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Id.* (quoting *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo.App. W.D.2010)).

Garcia's brief is deficient in many respects.

Rule 84.04(a)(1) requires an appellant's brief to contain "a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited." Gar-

cia's brief identifies but a single case, and that case is the underlying case to this appeal. The table of authorities contains no page references, and, for obvious reasons, the only case included (the case from which Garcia appeals) cannot serve as authority supporting any legal arguments he might raise about the propriety of the trial court's ruling in the underlying case.

Rule 84.04(a)(5) requires an appellant's brief to contain "[a]n argument, which shall substantially follow the order of the points relied on." Garcia's brief wholly omits the argument section. Instead, his brief proceeds from a point relied on to a conclusion. In the absence of an argument section, we are left with no basis to determine any issue Garcia has raised on appeal. "An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Brown*, 211 S.W.3d at 148. "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." *Id.*

Rule 84.04(i) requires that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Garcia's brief makes a few references to the appendix, which contains the underlying judgment, but there are no references whatsoever to the record on appeal.

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.

---

1. Pursuant to section 566.226, RSMo 2000, the victim will be referred to by only initials.

*Biersmith,* 359 S.W.3d at 88 (quoting *Lanham v. Div. of Emp't Sec.,* 340 S.W.3d 324, 327 (Mo.App. W.D.2011)).

Unfortunately, however, Garcia's brief is so deficient that we are uncertain as to the nature of the legal claim he is asserting. As best we can tell, Garcia is concerned that the full order of protection will operate to oust him from his own home, but that is not a claim of trial court error. It appears that he may also be challenging the sufficiency of the evidence supporting the court's order, but he did not attend the hearing on the full order of protection, and he fails to identify for this court any specific factual deficiencies in the court's judgment. Because "we cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the [circuit] court's finding and then refining and supplementing his points and legal argument," *Brown,* 211 S.W.3d at 147 (quoting *Shumpert v. Shumpert,* 144 S.W.3d 317, 321 (Mo.App. E.D.2004)), Garcia's appeal is dismissed.

## Conclusion

Because we are unable to discern the exact nature of Garcia's claim on appeal due to his numerous violations of Rule 84.04 (not the least of which was omitting the argument section in its entirety), we dismiss this appeal.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.