

# In the Missouri Court of Appeals
## Western District

PAULA FESENMEYER, )
         Appellant, )
v. )      WD77439
)
LAND BANK OF KANSAS CITY, et al, )      FILED: October 28, 2014
         Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JUSTINE DEL MURO, JUDGE

### BEFORE DIVISION ONE: THOMAS H. NEWTON, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Paula Fesenmeyer appeals the circuit court's judgment dismissing, with prejudice, her lawsuit against Land Bank of Kansas City ("Land Bank") and Kevin Bergman. Because of substantial deficiencies in Fesenmeyer's appellate brief, we dismiss her appeal without reaching the merits of the court's decision to dismiss her petition.

## PROCEDURAL HISTORY

In September 2013, Fesenmeyer filed a "Petition for Judicial Review on Appeal of Decisions of the Land Bank of Kansas City, and Applicant Kevin Bergman, and Damages." She asserted four claims in her petition: (1) a claim for tortious interference with a contract against Bergman; (2) a claim titled "Stealing and Other Related Offenses" against both Bergman and Land Bank; (3) a claim of discrimination against

Bergman, Land Bank, and numerous City of Kansas City employees who were not a party to the suit; and (3) a claim titled "Missouri Constitutional Question" that was not directed at either Bergman or Land Bank but appeared to be directed against the City of Kansas City, which was also not a party to the suit.

In response, Land Bank filed a motion to dismiss the petition on the grounds that Fesenmeyer's claims were barred by the doctrine of sovereign immunity and that she failed to state a claim upon which relief could be granted. Bergman also filed a motion to dismiss for failure to state a claim. Fesenmeyer filed suggestions in opposition to the motions to dismiss. In March 2014, the court granted Land Bank's and Bergman's motions to dismiss and dismissed Fesenmeyer's petition with prejudice. Fesenmeyer filed this appeal.

## BRIEFING DEFICIENCIES REQUIRE DISMISSAL OF APPEAL

Fesenmeyer appears *pro se*. We struck her initial brief for multiple specific violations of Rule 84.04. Fesenmeyer filed an amended brief. Land Bank subsequently filed a motion to strike her amended brief for non-compliance with Rule 84.04. We took Land Bank's motion with the case.

Rule 84.04 sets forth requirements for appellate briefing. Compliance with these requirements is "mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. 2013) (internal quotation marks and citations omitted). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'" *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. 2013) (citation omitted). Although Fesenmeyer

2

appears *pro se*, she "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Lattimer*, 412 S.W.3d at 422 (internal quotation marks and citations omitted).

First, Fesenmeyer's statement of facts violates Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. 2008) (internal quotation marks and citations omitted). Fesenmeyer's statement of facts does not contain a fair and concise statement of the facts relevant to the questions presented. Instead, it contains legal argument, refers to irrelevant facts and case law, and fails to set forth any facts pertinent to the underlying motions to dismiss upon which the judgment was based. These deficiencies fail to preserve Fesenmeyer's claims for appellate review. *Lattimer*, 412 S.W.3d at 422.

Second, Fesenmeyer's points relied do not comply with Rule 84.04(d). Her points consist of merely bare assertions that, in dismissing her case, the court committed judicial misconduct, manifestly abused its discretion, and acted with impropriety. Her points do not explain why, in the context of the case, these legal reasons support her claims of reversible error. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 903 (Mo. App. 2013) (internal quotation marks and citations omitted). We are not permitted to speculate on the points Fesenmeyer is attempting to raise, because

3

such speculation would place this court in the role of her advocate. *Id.* Additionally, Fesenmeyer's points fail to comply with the requirement of Rule 84.05(d)(5) that, "[i]mmediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Fesenmeyer cites no authority following her points.

Third, Fesenmeyer's arguments fail to comply with Rule 84.04(e)'s requirement that they substantially follow the order of the points relied on. Her arguments under each point are unrelated to that point. "We do not review arguments and issues raised in the argument under a point that are not fairly encompassed by that point." *Nichols*, 399 S.W.3d at 904 (internal quotation marks and citations omitted).

Arguments "'should demonstrate how principles of law and the facts of the case interact.'" *Id*. (citation omitted). Fesenmeyer's arguments do not address the propriety of the court's judgment granting the motions to dismiss. Her first and third arguments consist of detailed evidentiary facts, without any citation to the legal file in this case, regarding her assistance in the FBI's investigation of the former Jackson County Court Administrator. Her second argument concerns her motion for change of judge and change of venue, the court's order for mediation in this case, and a City of Kansas City ordinance. None of Fesenmeyer's arguments set forth the law that the court should have applied in deciding the motions to dismiss. Likewise, her arguments do not suggest any rule of law or evidentiary basis to support her position that the court erred in granting the motions to dismiss. As such, the argument section of her brief is "'so defective as to require us and opposing counsel to hypothesize about the appellant's

4

argument and precedential support for that argument[.]'" *Id.* (citation omitted).

Therefore, we cannot reach the merits of her appeal. *Id.*

Occasionally, we will review non-compliant briefs of *pro se* appellants *ex gratia.* *Id.* We do so, however, only "where the argument is readily understandable." *Id.* That is not the case here. To determine whether Fesenmeyer is entitled to relief, we would have "to comb the record for support for her factual assertions, decipher her point[s] on appeal, and locate legal authority for her argument." *Wong*, 391 S.W.3d at 919-20. In other words, we would have to act as Fesenmeyer's advocate, which we cannot do. *Id.*

### CONCLUSION

The appeal is dismissed.[1]

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[1] Land Bank's Motion to Strike Appellant's Amended Brief is rendered moot by the dismissal of the appeal.