

# In the
# Missouri Court of Appeals
## Western District

LISA ADAMS, )
)
           Appellant, ) **WD77864 Consolidated with**
) **WD77865**
v. )
) **OPINION FILED: May 5, 2015**
DIVISION OF EMPLOYMENT )
SECURITY, )
)
           Respondent. )

**Appeal from the Labor and Industrial Relations Commission**

Before Division Three: Mark D. Pfeiffer, Presiding Judge, Gary D. Witt, Judge and
Anthony Rex Gabbert, Judge

*Pro se* appellant Lisa Adams ("Adams") appears to appeal from two decisions of

the Labor and Industrial Relations Commission ("Commission"). In one decision, the

Commission affirmed the determination that she was ineligible for benefits because she

was not available for work. In the second decision, the Commission affirmed the

determination that she was overpaid benefits. Because of numerous briefing deficiencies

that violate Rule 84.04,[1] we dismiss this appeal.

---

[1] All rule references are to Missouri Supreme Court Rules (2014).

## Briefing Deficiencies Require Dismissal of Appeal

We cannot begin to ascertain the key facts surrounding the Commission's two decisions nor consider the possible merits of Adams's points on appeal due to gross inadequacies in her amended appellate brief.[2] Her brief fails to meet even the most basic requirements of Rule 84.04. "Rule 84.04 lists the requirements which an appellant's brief must meet. These requirements are mandatory." *Lanham v. Div. of Employment Sec.*, 340 S.W.3d 324, 326 (Mo. App. W.D. 2011) (citations omitted).

First, Adams's jurisdictional statement does not comply with Rule 84.04(b). Adams's statement fails to identify which constitutional provision grants jurisdiction of this appeal in the Court of Appeals. *Finnical v. Finnical*, 81 S.W.3d 554, 557 (Mo. App. W.D. 2002). "A deficient jurisdictional statement fails to invoke the jurisdiction of this court." *Id.* (citation omitted). We are not required to search through court records to discover the jurisdictional basis for Adams's appeal.

Next, in violation of Rule 84.04(c), Adams's statement of facts is argumentative in that it contains only facts favoring Adams. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014) (citation omitted). In addition, Adams failed to provide all relevant page references to the legal file or transcript in her statement of facts and in her argument section, as required under Rule 84.04(c) and (e). This requirement is mandatory and

---

[2] This court struck Adams's initial *pro se* brief. The deficiencies in her amended brief are equally problematic.

essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record. *Ireland v. Div. of Employment Sec.*, 390 S.W.3d 895, 900 (Mo. App. W.D. 2013) (citation omitted). Failure to follow this rule is particularly problematic in Adams's appeal because the legal file contains 69 pages, and the transcript contains 450 pages.

Additionally, Adams's second point relied on[3] fails to comply substantially with Rule 84.04(d)(1), which requires an appellant to

(A) identify the trial court ruling or action that the appellant challenges;
(B) state concisely the legal reasons for the appellant's claim of reversible error; and
(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule provides that the point "shall be substantially in the following form: The trial court erred in [*identify the challenged rule or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error.*]" This rule functions "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Finnical*, 81 S.W.3d at 559 (citation omitted). Adams's point relied on fails to substantially comply with Rule 84.04(d). "Insufficient points relied on preserve nothing for review and constitute grounds for dismissal." *Null*

---

[3] Adams's second point relied on states:
The Commission misconstrued what Ms. Adams said to the original deputy on February 3, 2013. Ms. Adams was never given the opportunity to explain what was meant by her statement prior to the determination letter dated 2/19/14. According to the letter dated 2/6/14, a phone call was made to Ms. Adams so she could clarify her schooling. That call was never made.

3

*v. New Haven Care Ctr., Inc.*, 425 S.W.3d 172, 177 (Mo. App. E.D. 2014) (citation omitted).

Adams's brief is also deficient in failing to follow Rule 84.04(e)'s requirement that arguments substantially follow the order of the points relied on. Adams has an "Arguement" [sic] section in her brief that is a total of one paragraph that presumably is intended to encompass both points relied on. Additionally, that single paragraph contains no legal citations. Arguments "should demonstrate how principles of law and the facts of the case interact." *Fesenmeyer*, 453 S.W.3d at 274.

Although Adams has the right to proceed *pro se*, *pro se* parties are held to the same standards as parties represented by counsel. *Lanham*, 340 S.W.3d at 327. As the *Lanham* court noted:

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief. But where the deficiencies in briefing are so substantial that the court is forced to speculate on claims raised and facts and arguments to support those claims, then no meaningful review can be conducted. This would impermissibly place upon this court the role of advocate for a party.

*Id.* (citations and quotations omitted).

We will occasionally review non-compliant briefs *ex gratia*. *Fensenmeyer*, 453 S.W.3d at 275 (citation omitted). "We do so, however, only 'where the argument is readily understandable.'" *Id*. In this case, to determine whether Adams is entitled to relief, we would have to comb the record for support for her unsupported factual assertions, decipher the legal principles she is attempting to raise in her points on appeal,

4

and locate legal authority to support what we believe her argument may be. *Id.* In other words, in order to attempt to address Adams's appeal, we would be forced to act as Adams's advocate, a role we will not and cannot undertake.

## Conclusion

This appeal is dismissed.

_____
Gary D. Witt, Judge

All concur