

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| ANTHONY JAY SHELTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD87179 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | June 17, 2025 |
| CRYSTELLE MARIE SHELTON, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Lauren D. Barrett, Judge**

**Before Division One:** Karen King Mitchell, Presiding Judge,
Lisa White Hardwick, Judge, and Mark D. Pfeiffer, Judge

Ms. Crystelle Marie Shelton ("Wife") appeals from the amended judgment of

dissolution entered by the Circuit Court of Jackson County, Missouri ("circuit court").

Due to numerous briefing deficiencies in her opening appellate brief in this appeal,

Wife's brief was stricken by Order of this Court dated January 14, 2025, and Wife was

granted fifteen days to file an amended brief correcting the Rule 84.04[1] violations.  Wife

---

[1] All rule references are to I MISSOURI COURT RULES – STATE 2025.

filed an amended brief but failed to correct her briefing deficiencies. We, therefore, dismiss her appeal.

## Factual and Procedural History

In April 2024, the circuit court entered judgment dissolving the marriage of Wife and Mr. Anthony Jay Shelton ("Husband") and addressing custody and child support. Wife filed a motion requesting reconsideration of the judgment, primarily lodging complaints about property division and other monetary considerations addressed by the dissolution judgment. The circuit court denied Wife's motion to reconsider the judgment but modified its previous judgment of dissolution in two respects: directing that Wife vacate the marital residence within sixty days and allocating the costs of fees associated with the preparation of a qualified domestic relations order to both parties equally. Wife then filed a second motion seeking reconsideration of the amended judgment, asserting the same grounds as her first motion, which was again denied by the circuit court. Wife then appealed.

Wife filed her initial appellate brief on January 13, 2025, and this Court issued its Order the following day, notifying Wife that her appellate brief had been stricken because of four deficiencies:

(1)  the Statement of Facts lacked specific page references to the legal file or the transcript as required by Rule 84.04(c);

(2)  the Points Relied On were not in compliance with the specific requirements of Rule 84.04(d);

(3)  the Points Relied On did not include a list of cases or other authority upon which that party principally relies as required by Rule 84.04(d)(5); and

2

(4)     the argument did not include a concise statement of the applicable standard of review for each claim of error, did not include a concise statement describing whether the error was preserved for appellate review and if so how it was preserved, and the argument section lacked specific page references to the legal file or the transcript as required by Rule 84.04(e).

Wife filed an amended brief on January 29, 2025.

## Analysis

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *B.A. v. Ready*, 634 S.W.3d 653, 656 (Mo. App. W.D. 2021) (quoting *Bartsch v. BMC Farms, L.L.C.*, 573 S.W.3d 737, 742 (Mo. App. W.D. 2019) (internal quotation marks omitted)). "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). "An appellant's failure to adhere to the briefing standards outlined in Rule 84.04 preserves nothing for appeal and is grounds for dismissal." *Townsend v. Div. of Emp. Sec.*, 654 S.W.3d 424, 426 (Mo. App. E.D. 2022); *see also Jones v. Impact Agape Ministries*, 693 S.W.3d 122, 126 (Mo. App. E.D. 2023) ("A brief's failure to substantially comply with the requirements of Rule 84.04 provides a sufficient basis to dismiss the appeal."). Dismissal of an appeal for briefing deficiencies is discretionary, and this discretion is generally not exercised unless the deficiencies impede a disposition of the case on its merits. *J.L. v.*

*Lancaster*, 453 S.W.3d 348, 350 (Mo. App. W.D. 2015) (citing *M.H. v. Garcia*, 385 S.W.3d 489, 490 (Mo. App. W.D. 2012)).

For the reasons discussed below, we find the deficiencies in Wife's amended brief impede a disposition of the case on the merits, so her appeal must be dismissed.

**Appellant's Statement of Facts**

Rule 84.04(c) requires that an appellant's statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination *without argument*." (Emphasis added.) The rule also requires that all statements of fact have specific page references to the relevant portion of the record on appeal, such as the legal file or the transcript. *Id.* These requirements are not without purpose: "[t]he primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (citing *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). "The failure to provide a fair and concise statement of facts with references to the record on appeal preserves nothing for review and is a sufficient basis to dismiss an appeal." *Long v. Long*, 704 S.W.3d 729, 739 (Mo. App. W.D. 2024).

The statement of facts in Wife's amended brief does not comply with the requirements of Rule 84.04. While the amended brief added some page references (restricted to references to the Appendix) that were not present in Wife's initial brief, many of the fact statements still lack reference to any place in the legal file or the record that would support those statements. Moreover, Wife's citations to her Appendix do not satisfy Rule 84.04: "the appendix is not part of the legal file or otherwise part of the

4

record on appeal." *Callahan v. Precythe*, 577 S.W.3d 159, 162 (Mo. App. W.D. 2019) (cleaned up).

Finally, several of the statements of "fact" are nothing more than *argument and conclusory allegations* by Wife. For example, Wife alleges as a fact that the property "division was unfair and unconscionable" and that Wife—"against public policy"—was thrust "into poverty" as a result of the judgment. Interspersing argument throughout a statement of facts fails to adequately comply with Rule 84.04(c). *Murphy v. Steiner*, 658 S.W.3d 588, 593-94 (Mo. App. W.D. 2022) (statement of facts containing arguments such as appellant was "forced to sign a lease" and that a judgment "was mysteriously changed" prohibited proper review by appellate court).

With these deficiencies, this Court is not presented with an accurate, complete, or unbiased understanding of the facts of the case.[2] As such, these deficiencies fail to preserve Wife's claims for appeal.

---

[2] Furthermore, "[i]n the appeal of [a] bench-tried case, the appellate court views the facts in the light most favorable to the trial court's judgment." *M.D.P.-W. by B.N.W. v. M.P.*, 684 S.W.3d 357, 358 n.1 (Mo. App. W.D. 2024) (second alteration in original) (quoting *Hampton v. Llewellyn*, 663 S.W.3d 899, 901 n.1 (Mo. App. W.D. 2023)).

Instead of abiding by this lens of factual review, Wife's statement of facts does the opposite—submitting the facts to this Court in a light most favorable to *her* interpretation of how the facts should have been interpreted by the circuit court. This is yet another deficiency in Wife's briefing because any review would force this Court to search the record to ascertain the evidence supporting the amended judgment of dissolution that the circuit court relied upon—particularly where, as here, Husband did not file any appellate briefing in response to Wife's appellate briefing to this Court. *See Pickett v. Bostwick*, 667 S.W.3d 653, 659 (Mo. App. W.D. 2023) ("Facts that 'are aimed primarily at restating [appellant's] version of events and arguing, based on [appellant's] version of events, that the trial court erred' are insufficient." (alteration in original) (citation omitted)).

## Wife's Points Relied On

Rule 84.04(d)(1) identifies three components of a point relied on: "(1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *Ready*, 634 S.W.3d at 656 (quoting *Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 556 (Mo. App. S.D. 2008) (internal quotation marks omitted)). Rule 84.04(d)(1) further provides guidance so that the appellant can comply with the Rule by including the required components:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d)(1).

> Deficiency in an appellant's points relied on is an especially problematic error:
>
> The function of points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review. A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner. A point relied on which does not state wherein and why the trial court or administrative agency erred does not comply with Rule 84.04(d) and preserves nothing for appellate review.

*Lexow*, 643 S.W.3d at 505 (cleaned up).

Despite the notice this Court provided Wife of the deficiencies present in her points relied on when it struck her initial brief, Wife did not address those deficiencies in her amended brief. "Dismissal is particularly appropriate where appellant makes no

6

effort to correct the deficient points in [her] amended brief, even after being put on notice that they were inadequate." *Acton*, 611 S.W.3d at 903.  Specifically, Wife did not follow the required format for points relied on for any of her four points on appeal.  Notably absent from three points was any identification of the specific ruling being challenged or any explanation of the legal basis for a claim of reversible error.  Rather, Wife includes abstract statements of law, which, standing alone, simply do not comply with the rules relating to points relied on.  Rule 84.04(d)(4).[3]  And the one remaining point relied on in which Wife identified a specific ruling and provided some explanation for the alleged error was listed only in the brief's Table of Contents but omitted from the actual argument section of Wife's appellate brief.  "Points that are not developed in the argument are deemed to be abandoned." *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018).

Finally, Wife's points relied on are deficient in another respect.  Rule 84.04(d)(5) requires that an appellant include, after each point relied on, "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."  Wife attempted to correct the absence of any authority in her initial brief by inserting complete statutory sections and what appear to be the corresponding case annotations following those statutory sections in THE REVISED

---

[3] For example, the entirety of one of Wife's points relied on states:  "The trial court erred by ruling in a manner defined as arbitrary, capricious or unreasonable so as to qualify for review under the scope of judicial review in § 536.140 RSMo."  Aside from citing to the Missouri Administrative Procedure Act, which is wholly irrelevant to any review of this dissolution judgment, the point is nothing more than an ambiguous abstract statement of law.  Wife's other points relied on are similarly ambiguous and abstract.

STATUTES OF MISSOURI (2016)—without attribution. On her first point, for example, Wife includes twenty-one such annotation entries. Even then, there is little correlation between those cases cited in the points relied on and Wife's actual argument. In point of fact, Wife does not rely on *any* of the twenty-one cases listed in her first point relied on for her first point's argument but instead discusses three other cases. Where a party includes authority in her point relied on but does not cite that authority in the corresponding argument section, this Court does not "know the legal arguments or propositions for which these cases were cited," and "it is not this [C]ourt's job to make the legal arguments for the appellant." *Downs v. Dir. of Adult Insts*., 40 S.W.3d 19, 22 (Mo. App. W.D. 2001) (citing *Myrick v. Eastern Broad., Inc*., 970 S.W.2d 885, 886 (Mo. App. S.D. 1988)).

Wife's failure to comply with the mandatory requirements of Rule 84.04(d) has preserved nothing for our review and is sufficient grounds for dismissal.

### Wife's Argument Section

Rule 84.04(e) requires an appellant to include, for each claim of error, the applicable standard of review. This, too, is no small matter:

> The standard of review is "essential to all appellate arguments as it outlines this [C]ourt's role in disposing of the matter before it." *Estate of Allen*, 615 S.W.3d 851, 854-55 (Mo. App. E.D. 2020). "While it would be easy enough for this [C]ourt to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." *Id*. (quoting *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008)).

*R.M. v. King*, 671 S.W.3d 394, 399 (Mo. App. W.D. 2023). Wife did not heed the notice that her initial brief failed to include the standard of review when she filed her amended

brief. The only citation to a standard of review found in her brief is to § 536.140,[4] which is a statute defining the scope of judicial review under the Missouri Administrative Procedure Act and does not apply to Wife's appeal. Having no duty to supplement Wife's deficient brief with the Court's own research, we find this yet further reason to dismiss Wife's appeal.

Finally,[5] Wife was also obligated by Rule 84.04(e) to include in her argument for each claim of error "a concise statement describing whether the error was preserved for appellate review," and if so, "how it was preserved." Wife's amended brief did not remedy this deficiency. "It is not this Court's duty to demonstrate appellant's argument is properly preserved for our review." *Dodson v. Aldrich*, 681 S.W.3d 727, 733 (Mo. App. W.D. 2023) (striking amended brief for noncompliance with Rule 84.04, which included appellant's failure in his amended appellate brief to describe whether error was preserved for appellate review and, if so, how it was preserved).

---

[4] All statutory references are to THE REVISED STATUTES OF MISSOURI (2016), as supplemented through January 29, 2025, unless otherwise indicated.

[5] We additionally note that Wife's amended brief also contains quotations from case law without providing full—or any, in some instances—citation to legal authority and that the amended brief was submitted in a non-searchable PDF format, violating Rule 84.03(c).

## Conclusion

For the foregoing reasons, we dismiss Wife's appeal.[6]

_____
Mark D. Pfeiffer, Judge

Karen King Mitchell, Presiding Judge, and Lisa White Hardwick, Judge, concur.

---

[6] While we do not reach the merits of Wife's appeal, this Court is cognizant of the fact that the trial court has broad discretion in dividing marital property, which will not be disturbed on appeal unless the property division "is so 'heavily and duly weighted in favor of one party as to amount to an abuse of discretion.'" *Sparks v. Sparks*, 417 S.W.3d 269, 287 (Mo. App. W.D. 2013) (quoting *Thill v. Thill*, 26 S.W.3d 199, 208-09 (Mo. App. W.D. 2000)). Because an appellate court "presumes that the trial court's division of marital property is correct," Wife bore the heavy burden of showing that the circuit court's judgment "lack[ed] substantial evidence to support it[] or [was] against the clear weight of the evidence." *Sparks*, 417 S.W.3d at 287. Our review of the circuit court's amended judgment of dissolution does not reflect reversible error relating to any complaints lodged by Wife.