

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| NICOLE E. BAZUAYE, | ) |
| | ) |
| Respondent, | ) |
| | ) WD87755 |
| v. | ) |
| | ) OPINION FILED: |
| | ) September 23, 2025 |
| LAWRENCE BAZUAYE, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Susan E. Long, Judge**

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge,
Cynthia L. Martin, Judge, and Janet Sutton, Judge

Mr. Lawrence Bazuaye ("Husband"), appearing *pro se*, appeals the judgment of

the Circuit Court of Jackson County, Missouri ("trial court"), following a bench trial,

which dissolved his marriage to Nicole E. Bazuaye ("Wife"), awarded sole legal and sole

physical custody of their minor children to Wife, and ordered Husband to pay Wife child

support of $920 per month. Husband's brief was stricken by Order of this Court on

April 4, 2025, and Husband was granted fifteen additional days to file an amended brief

correcting the Rule 84.04[1] violations.  Husband filed an amended brief but failed to correct his briefing deficiencies.  Because Husband's numerous briefing deficiencies impede any meaningful appellate review, we dismiss his appeal.

## Factual and Procedural History

Husband and Wife married in 2012 and had three children during the marriage.  On January 23, 2024, Wife filed a petition to dissolve the marriage, requesting sole physical custody, sole legal custody, and an award of child support.

During the discovery phase of the proceedings below, Wife submitted a statement of her assets and debts and a statement of her income and expenses to the court.  Meanwhile, Husband refused to respond to Wife's discovery requests and refused to disclose any of his financial information in response to discovery requests.  After Husband continued withholding discovery in violation of the trial court's order compelling such discovery, the trial court granted Wife's motion for sanctions.  The trial court sanctioned Husband by prohibiting him from presenting any evidence at trial that would have been responsive to the discovery requests.

The parties proceeded to a bench trial held on November 4, 2024.  Wife was the sole witness to testify.  Husband declined to present any evidence nor any offers of proof at trial.  Wife submitted into evidence two Form 14s for calculating child support, both of which the trial court ultimately rejected.  Instead, the trial court found that the evidence demonstrated both parties were capable of working full-time and could earn at least the

---

[1] All rule references are to I MISSOURI COURT RULES – STATE 2025.

2

Missouri minimum wage. As a result, the trial court performed its own Form 14 calculation, which imputed both parties' monthly income as the amount earned from one month of full-time employment at minimum wage. The trial court's Form 14 yielded a presumed correct child support amount of $920, which the trial court found to be just and appropriate under the facts of the case.

The trial court's judgment, which spanned twenty-two pages and explained its reasoning at length, expressly found several facts that were unfavorable for Husband— including that he had assaulted Wife in front of the children on one occasion; that he engaged in a pattern of stalking Wife following their separation; that he had threatened to withdraw the children from their school, their place of worship, and all of their extracurricular activities; and that he had demonstrated a pattern of ignoring court orders and the commands of law enforcement. Accordingly, the trial court judgment awarded sole physical and legal custody to Wife, granted Husband two hours per week of supervised visitation with the children, and ordered Husband to pay Wife child support of $920 per month.

Husband timely appealed, raising six points on appeal asserting that the proceedings before the trial court and the trial court's judgment violated his constitutional rights.

Husband's initial brief was stricken and, among other deficiencies, this Court notified Husband that: he had no references to the legal file for the limited factual references he made in his briefing (Rule 84.04(c)); his Points Relied On did not comply with the requirements of Rule 84.04(d); and his argument section failed to provide

applicable standards of review, any explanation for how his arguments on appeal were preserved for appellate review, and any references to the transcript or legal file as mandated by Rule 84.04(e). Husband was granted fifteen days to submit a compliant brief. As we explain in today's ruling, Husband's amended brief is no better than his original brief submitted to the Court.

## Analysis

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts. 'Rule 84.04's requirements are mandatory.'" *Lexow v. Boeing*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Wright-Jones v. Mo. Ethics Comm'n*, 544 S.W.3d 177, 178 n.2 (Mo. banc 2018) (quoting *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)). "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)); *see also R.M. v. King*, 671 S.W.3d 394, 397 (Mo. App. W.D. 2023) ("We prefer to decide an appeal on the merits where the disposition is not hampered by rule violations and we can readily understand the argument."). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Marvin v. Kensinger* (*In re*

4

*Marvin*), 682 S.W.3d 788, 795 (Mo. App. W.D. 2023) (citation modified) (quoting *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 244 (Mo. App. W.D. 2020)).

Although Husband appears *pro se*, "he is held to the same standard as attorneys and he is subject to Rule 84.04's mandatory appellate briefing requirements," *R.M.*, 671 S.W.3d at 397, because "[j]udicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* litigants preferential treatment with regard to their compliance with those procedural rules," *id.* (quoting *Deere v. Deere*, 627 S.W.3d 604, 607 (Mo. App. W.D. 2021)).

For the reasons discussed below, we conclude the deficiencies in Husband's amended brief so significantly impede a disposition of the case on the merits that dismissal of the appeal is required.

**Husband's Statement of Facts**

Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument" and that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." These requirements are not without purpose: "[t]he primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). "The failure to provide a fair and concise statement of facts with references to the record on appeal preserves nothing for

5

review and is a sufficient basis to dismiss an appeal." *Long v. Long* (*In re James A. Long Trust Dated Dec. 13, 2007 as Amended*), 704 S.W.3d 729, 738 (Mo. App. W.D. 2024).

Even after striking Husband's brief and identifying that his statement of facts failed to comply with Rule 84.04(c)'s requirement to include page references, Husband's amended brief includes an identical statement of facts except for the inclusion of a total of three citations to the legal file. The scarcity of references to the record on appeal reflect two separate deficiencies that each demonstrate Husband's amended brief fails to comply with Rule 84.04(c).

First, Husband's record citations are inadequate. For example, Husband's statement of facts asserts the trial court imputed his income, denied several of his motions without any explanation, and discriminated against him for several different reasons, but none of these assertions have accompanying references to the record. Thus, the statement of facts does not identify the specific facts necessary to resolve Husband's claims on appeal and simply invites this Court to scour the record to find support for his assertions, which we will not do: "[i]t is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 747 (Mo. App. W.D. 2023); *see also Adams v. Div. of Emp. Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015) ("Adams failed to provide all relevant page references to the legal file or transcript in her statement of facts and in her argument section, as required under Rule 84.04(c) and (e). This requirement is mandatory and essential for the effective functioning of appellate courts, which cannot spend time

6

searching the record to determine if factual assertions stated in the brief are supported by the record.").

Second, instead of reciting the facts underpinning the judgment or even the facts supporting Husband's arguments, large portions of the statement of facts are dedicated to introducing legal arguments—with citations to legal authority—and lobbing conclusory accusations of impropriety against the trial court—without any citation to the record on appeal. The inclusion of argumentative assertions and citations to legal authority in the statement of facts violates Rule 84.04(c):

> It is a flagrant violation of not only the requirement of the Rule that the facts be presented *without argument* in this portion of the brief[,] Rule 84.04(c)[,] but it contains remarks and allegations unsupported by citation to the part of the transcript of the record where they may be found. It accuses the Magistrate Judge of collusion with the plaintiff-respondent, the acts and decisions of the Circuit Court Judge are categorized as "unconstitutional" and it accuses the Circuit Court Judge and the plaintiff-respondent of conspiring. These remarks and others contained in defendant-appellant's Statement of Facts represent the[] type of inflammatory and biased comments prohibited in a Statement of Facts by Rule 84.04(c).
>
> Defendant-appellant repeatedly argues law in the Statement of Facts and presents erroneous conclusions as to what the applicable law is. A recitation of the law even when correct is improper in the Statement of Facts portion of the brief, and is a violation of Rule 84.04(c).

*Commerce Bank of Kansas City, N.A. v. Conrad*, 560 S.W.2d 388, 390 (Mo. App. 1977) (emphasis in original); *see also Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009).

The difficulty in reviewing Husband's appeal created by his incomplete, non-compliant statement of facts is further compounded by his failure to provide a transcript

of the bench trial—yet another breach of our rules of appellate procedure that justifies dismissing his appeal: "Pursuant to Rule 81.12, the appellant has the duty to order the transcript and compile the record on appeal for the reviewing court to determine the questions presented; without the required documents, this Court has nothing to review." *In re K.K.S.S.*, 689 S.W.3d 252, 256-57 (Mo. App. W.D. 2024) (quoting *C.T. v. E.Y.*, 644 S.W.3d 336, 337 (Mo. App. E.D. 2022)); *see also Sender v. City of St. Louis*, 681 S.W.3d 189, 194 (Mo. banc 2024) ("Without the record of the hearing, this Court is unable to know the relevant predicate facts. Consequently, this Court cannot determine if the circuit court erroneously applied the law.").

Here, the transcript of the bench trial was a necessary part of the record on appeal because Husband raises multiple arguments on appeal related to the evidence (or lack thereof) presented at trial.[2] *See Pickett v. Bostwick*, 667 S.W.3d 653, 662 (Mo. App. W.D. 2023) (holding that the appellant must submit, as part of the record on appeal, a transcript of any hearing where the circuit court addressed an issue raised on appeal). Husband's failure to provide the transcript prevents this Court from evaluating the validity of any of these claims and independently justifies dismissing his appeal. *See id.* ("Thus, in addition to dismissing [Appellant]'s appeal for non-compliance with Rule

---

[2] These arguments include the following claims: that the trial court improperly imputed Husband's income for calculating child support; that the trial court unlawfully denied Husband the opportunity to demonstrate his inability to pay child support; that Wife presented fraudulent evidence at trial; that the trial court "coached" Wife during her testimony; and that the trial court unlawfully determined child custody based on Husband's religion rather than on any evidence of the children's best interests.

84.04, we dismiss because review by this Court is otherwise impossible without this necessary transcript.").[3]

With these deficiencies, this Court is not presented with an accurate, complete, or unbiased[4] understanding of the facts of the case. As such, these deficiencies fail to preserve Husband's claims on appeal.

## Husband's Points Relied On

Rule 84.04(d)(1) requires that each challenge to the trial court's decision shall consist of three components: "(1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *B.A. v. Ready*, 634 S.W.3d 653, 656

---

[3] Husband's failure to provide a transcript is especially puzzling given that the legal file he submitted to this Court includes a series of documents indicating that he requested and received a written transcript of the trial. Husband offers no explanation for his non-compliance with Rule 81.12 despite evidently having an electronic copy of the transcript in his possession.

[4] On appeal from a bench trial, "[a]ll evidence and reasonable inferences from the evidence are viewed in the light most favorable to the circuit court's judgment." *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023); *accord Hampton v. Llewellyn*, 663 S.W.3d 899, 901 n.1 (Mo. App. W.D. 2023).

Instead of presenting the statement of facts in accordance with our lens of factual review, Husband has presented a statement of facts that favors *his* version of how he believes the facts should have been interpreted by the trial court and that omits any discussion of the facts found by the trial court in its judgment. This is yet another deficiency in Husband's briefing because any review would require this Court to search the record to ascertain the *evidence supporting the judgment*—a task impossible here because Husband did not file the transcript of the trial and because Wife did not file a brief that could have supplemented the necessary facts. *See Wallace v. Frazier*, 546 S.W.3d 624, 626-27 (Mo. App. W.D. 2018) (holding that a statement of facts "aimed primarily at restating [Appellant's] version of events and arguing, based on [that] version of events, that the trial court erred in ruling against her" violated Rule 84.04(c)'s requirement to present a "fair and concise" statement of facts "without argument" and justified dismissing the appeal).

(Mo. App. W.D. 2021) (quoting *Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 556 (Mo. App. S.D. 2008)). Furthermore, each point relied on shall substantially be in the following form:

> The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].

Rule 84.04(d)(1).

These requirements for the points relied on are not arbitrary; they serve to provide notice of appellant's arguments to the other party and to the court while appropriately limiting the scope of review:

> The function of points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review. A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner. A point relied on which does not state wherein and why the trial court or administrative agency erred does not comply with Rule 84.04(d) and preserves nothing for appellate review.

*Lexow*, 643 S.W.3d at 505 (citation modified). Husband's points relied on do not comply with Rule 84.04(d) in two respects.

First, Husband's points on appeal do not specify the precise ruling or action that he challenges on appeal, omitting the first essential component of a valid point relied on.

Husband's amended brief does not materially address this deficiency; instead, Husband merely changed the wording of his points relied on in his amended brief to more closely resemble some of the words delineated by Rule 84.04(d). For example, Husband

changed Point III from "Fraud on the Court Invalidates the Final Judgment" to "The trial court erred in the Final Judgment Because Fraud on the Court Invalidates [sic]." Point IV was changed from "Religious Discrimination in Custody Ruling Violates First Amendment Protections" to "The trial court erred in First Amendment Protections Because Religious Discrimination in Custody Ruling."

Neither of these points identify a specific erroneous ruling by the trial court. Point III claims the entirety of the final judgment—a twenty-two-page decision with several explicit rulings and findings—is erroneous. *See Malin v. Cole Cnty. Prosecuting Att'y*, 631 S.W.3d 638, 644 (Mo. App. W.D. 2021) ("[Appellant]'s second point fails to identify a specific action of the trial court that he is challenging, as required by Rule 84.04(d)(1)(A); and instead asserts, generically, that the trial court erred in entering judgment."). Meanwhile, Point IV does not identify *any* trial court action at all that was erroneous and instead asserts a free-standing claim of religious discrimination.

The failure of these points to specify the rulings that Husband challenges on appeal essentially invites this Court to search the record for any possible ruling that could be challenged by his points on appeal and we will not do so. *Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 576 (Mo. App. E.D. 2013) ("To determine whether [Appellant] is entitled to relief would require this Court to decipher its point and arguments, search for legal authority in support of those arguments, and comb the record for support of its factual assertions. Such actions would undeniably require this Court to act as [Appellant]'s advocate."). The remainder of Husband's points on appeal are similarly non-compliant.

11

Second, none of Husband's points relied on in either his initial brief or his amended brief identify any facts from the proceedings that demonstrate he is entitled to relief. Instead, all of Husband's points are merely abstract statements of law[5] that fail to satisfy Rule 84.04(d)(4). *See* Rule 84.04(d)(4) ("Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues."); *Gan v. Schrock*, 652 S.W.3d 703, 708-09 (Mo. App. W.D. 2022) (holding that a point relied on must provide some insight into how the specific facts of the case support a legal basis for declaring a ruling erroneous and, therefore, that a point without any reference to the facts from the underlying proceeding violates Rule 84.04(d)(4)).

Husband's failure to comply with the mandatory requirements of Rule 84.04(d) has preserved nothing for our review and is grounds for dismissal.

**Husband's Argument Sections**

Rule 84.04(e) requires an appellant to include the applicable standard of review for each claim of error. "The standard of review is 'essential to all appellate arguments as it outlines this [C]ourt's role in disposing of the matter before it.'" *R.M.*, 671 S.W.3d at 399 (quoting *Est. of Allen*, 615 S.W.3d 851, 854-55 (Mo. App. E.D. 2020)).

---

[5] For example, Point II in the amended brief reads: "The trial court erred in Title IV-D Because a Financial Conflict of Interest Under [sic]." This point simply asserts the presence of a financial conflict of interest without any factual explanation. In the legal authority under Point II, Husband cites to sections of the U.S. Code for Title IV-D and asserts that "federal funding incentives for child support enforcement create bias," again without identifying any facts from the record that support the presence of a financial conflict of interest. Husband's remaining points relied on are similarly conclusory and devoid of any facts necessary to ascertain his legal argument.

12

Furthermore, "[w]hile it would be easy for this [C]ourt to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." *Id.* (quoting *Allen*, 615 S.W.3d at 854-55). Although this Court specifically identified Husband's failure to include the applicable standards of review as a basis for striking his brief, Husband made no effort to address this deficiency in his amended brief.[6] We will not supplement his brief with our own research to supply the missing standards of review for him. Because these missing standards of review are necessary to review any of Husband's arguments, his failure to provide them justifies dismissing his appeal. *See Marvin*, 682 S.W.3d at 799 ("An argument . . . untethered to [the standard of review] is nothing more than a collection of abstract legal conclusions unmoored from any coherent legal basis or theory upon which an appellate court can find reversible error." (omission in original) (quoting *Marck Indus., Inc. v. Lowe*, 587 S.W.3d 737, 746 (Mo. App. S.D. 2019))).

Furthermore, just as Husband failed to refer to the essential facts supporting his claim of trial court error in his points relied on, Husband also fails to develop the facts necessary to support his points in his argument sections. This failure to properly develop the facts supporting his arguments is fatal: the "argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law *and the facts of the case interact*." *Id.* at 798

---

[6] "Dismissal is particularly appropriate where appellant makes no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate." *Acton v. Rahn*, 611 S.W.3d 897, 903 (Mo. App. W.D. 2020).

13

(emphasis added) (quoting *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007)) (holding that an argument section that contains no facts from the record pertaining to the argument is incomplete—even when citing appropriate legal authority—because it does not demonstrate any interaction between the law and the facts and, thus, cannot succeed in satisfying the appellant's burden of demonstrating that the lower court issued an erroneous, adverse ruling). "We cannot comb the legal file for facts to better understand [Husband]'s argument, 'nor can we do so and remain steadfast to our role as the neutral arbiter of the case.'" *Id.* (quoting *Sharp*, 612 S.W.3d at 245-46). Thus, we also dismiss Husband's appeal for failing to adequately develop his argument sections.[7]

---

[7] As a symptom of Husband's failure to develop the facts necessary to support his points on appeal, his argument sections include no page references to any part of the trial court record. *See* Rule 84.04(e) ("All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. If the citation is to the system-generated legal file, it shall include the system-generated appeal document number and page number (e.g., D6 p. 7)."). This briefing deficiency was also expressly identified in our Order striking Husband's brief, but Husband made no effort to add *any* record citations to the argument sections in his amended brief.

## Conclusion

For the foregoing reasons, we dismiss Husband's appeal.[8]

_____
Mark D. Pfeiffer, Presiding Judge

Cynthia L. Martin, Judge, and Janet Sutton, Judge, concur.

---

[8] Even if we were to overlook Husband's briefing deficiencies and review his arguments, *ex gratia*, a cursory review demonstrates they have no merit. Many of Husband's points object to his inability to present evidence of his financial circumstances to prove: his lack of income; his inability to pay child support; and that Wife's evidence was "fraudulent." But the trial court committed no error in excluding his evidence because it rightfully sanctioned Husband for refusing to disclose any of his financial information during discovery. *See* Rule 61.01(d)(1) (authorizing the exclusion of evidence as a discovery sanction for a party's refusal to produce validly requested documents). Furthermore, Husband has not explained to this Court what evidence he would have presented, leaving this Court with no means of overcoming the presumption of the judgment's validity. *See Linzenni v. Hoffman*, 937 S.W.2d 723, 725 (Mo. banc 1997) ("[I]t is fundamental that on appeal the trial court's action is presumed to be correct and the burden is on the appellant to establish that the action was error. The presumption of validity that surrounds a judgment extends to every essential fact that must have existed in order for the court to enter a valid decree."); *Hampton*, 663 S.W.3d at 902 n.2 ("[T]his Court will affirm the judgment of the trial court 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976))).

Husband's remaining points on appeal attempt to argue that the trial court was unfairly biased against him for a variety of reasons, but Husband does not provide any specific citations to the record demonstrating any of the alleged bias. Instead, he relies on conclusory assertions and abstract statements of law to advance his claims. Meanwhile, the trial court's judgment documents substantial evidence supporting its factual findings and legal conclusions.